KAB

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV 13-2507-PHX-DGC (SPL) |
|---|---|
| Plaintiff, | CR 09-890-PHX-DGC |
| v. | **ORDER** |
| Ray Charles Glass, | |
| Defendant/Movant. | |

On December 9, 2013, Movant Ray Charles Glass, who is confined in the United States Penitentiary-Tucson in Tucson, Arizona, filed a "Motion to Alter or Amend Judgment" pursuant to Federal Rule of Civil Procedure 15(e). In a December 30, 2013 Order, the Court noted that it appeared that Movant was attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255. The Court granted Plaintiff 30 days to file either (1) a notice withdrawing the Motion to Alter or Amend Judgment or (2) an amended Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. On January 28, 2014, Movant filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Court will summarily dismiss the Amended § 2255 Motion.

**I.    Procedural History**

Pursuant to a plea agreement, Movant pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). On March 1, 2010, the Court sentenced Movant to a 120-month term of imprisonment followed by 3 years on supervised release. Movant asserts two

grounds for relief in his Amended § 2255 Petition. In both Grounds, Movant argues that the Court erred in relying on the Presentence Report to determine the appropriate sentence in Movant's case.

## II.     Summary Dismissal

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

## III.    Waiver

Movant waived challenges to his sentence and his right to bring a § 2255 action. There are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *United States v. Hamilton*, 391 F.3d 1066, 1071 (9th Cir. 2004) (citation omitted). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011) (citations omitted). A defendant may waive the statutory right to bring a § 2255 action challenging the length of the sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (citing *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992)). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the

waiver involuntary.  *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable."  *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001); *see also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of Movant's plea agreement, Movant made the following waiver:

> Defendant hereby waives any right to raise on appeal or collaterally attack any matter pertaining to this prosecution and sentence if the sentence imposed is consistent with the terms of this agreement.

(Doc. 27).  Movant indicated in the plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (*Id.*).  Moreover, during the November 18, 2009 Change of Plea Hearing, the following colloquy occurred between Movant and the Magistrate Judge:

> The Magistrate Judge:  "If however, [the district court judge] accepts this plea and sentences you consistent with all the terms of this agreement, after that you wouldn't be permitted to withdraw from it and also, by the terms of your agreement,

- 3 -

> you have given up your right to challenge your judgment and sentence to a higher court on appeal and to come back before this court in a collateral proceeding to challenge your judgment and sentence. Do you understand that as well?"

> Movant: "Yes, ma'am."

Movant's assertions in the § 2255 Motion all pertain to sentencing and do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted the plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in the § 2255 Motion. Thus, the Court will summarily dismiss the § 2255 Motion.

**IT IS ORDERED:**

(1) The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 29 in CR 09-890-PHX-DGC) is **denied** and the civil action opened in connection with this Motion (CV 13-2507-PHX-DGC (SPL)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(2) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 3rd day of March, 2014.

_____
David G. Campbell
United States District Judge